**Charles SKINNER, Plaintiff–Appellant,**

v.

**Chase RIVELAND; et al.,
Defendants–Appellees.**

**No. 01–35000.**

**D.C. No. CV–00–05010–FDB.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 25, 2002.

Before KLEINFELD, HAWKINS, and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Charles Skinner, who is currently civilly committed as a violent sexual predator, appeals pro se the district court's order granting summary judgment and dismissing his 42 U.S.C. § 1983 action against the current and former Secretaries of the Washington State Department of Corrections and the Superintendent of the Special Commitment Center. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991), and we affirm.

The district court properly found that Skinner's Eighth Amendment claim alleging inadequate mental healthcare was barred by the three-year statute of limita-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tions. *See* Wash. Rev.Code § 4.16.080(2). Skinner was aware since at least January 1993 that the mental treatment for sexual deviancy available during his incarceration was allegedly inadequate because it was not "Afro-centric." Thus, Skinner's claim was untimely filed in February 2000. *See Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).

Skinner's remaining contentions are without merit.

**AFFIRMED.**